IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-00555-CMA-KLM

ALEXANDER GARCIA,

    Plaintiff,

v.

HEFNER, Deputy ACDF,
TITUS, Deputy ACDF Housing,
JOHN DOE, Deputy ACDF,
YNIGUEZ, Deputy ACDF,
MOHR, Deputy ACDF, and
TITUS, Deputy ACDF Medical,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING PLAINTIFF'S MOTION TO REOPEN CASE AND JOIN CASES**

---

This matter is before the Court on the Order and Recommendation of United States Magistrate Judge Kristen L. Mix ("Recommendation") (Doc. # 92) and Plaintiff's Motion for Judge to Open Case and Motion to Join Cases ("Motion to Reopen") (Doc. # 94). For the following reasons, Judge Mix's Recommendation is affirmed and adopted as an order of this Court. Plaintiff's Motion to Reopen is denied.

## I.    BACKGROUND

This is a 42 U.S.C. § 1983 case. In late 2018 and early 2019, Plaintiff, Alexander Garcia, was a being held in pretrial detention at the Adams County Detention Facility.

1

(Doc. # 7, p. 6). Garcia alleges that, on two occasions during his pretrial detention, he was moved into a housing unit that lacked power for his CPAP machine – a breathing device used to treat sleep apnea – causing him to experience serious breathing problems throughout the night. (Doc. # 7, p. 7). He sued several Adams County employees who worked at the jail, alleging violations of the Eighth and Fourteenth Amendments. (Doc. # 7).

Garcia filed this lawsuit in early 2019. (Doc. # 1). By late 2020, however, there had been only minimal progress toward a resolution, so the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. (Doc. # 71). When Plaintiff failed to respond to the show-cause order, the Court dismissed the case. (Doc. # 74).

A few months after the case was dismissed, Plaintiff began filing motions and other documents asking the Court to vacate its order of dismissal and allow his case to proceed. Plaintiff ultimately filed ten post-dismissal requests for relief, including:

1. Motion for Relief from Judgement, Motion to Vacate or Set Aside, Pursuant to FRCP 60; and Set Schedule (Doc. #79) (the "Rule 60(b) Motion");

2. Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. # 80) (the "Application to Proceed");

3. Motion for Appointment of Counsel (Doc. # 81);

4. Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. # 82) (the "Motion to Proceed");

5. Motion Concerning Motion to Vacate Order (Doc. # 84) (the "Motion for Status");

6. Motion Concerning Status (Doc. # 86) (the "Second Motion for Status");

7. Proposed Order for Judgment (Doc. # 88) (the "First Motion for Judgment"), which is a motion but is mistakenly titled as an order;

8. Motion for Judgment (Doc. # 89) (the "Second Motion for Judgment");

9. Unopposed Motion Pursuant to C.R.C.P. 60(b)(3) for Fraud and Motion for Sanctions (Doc. # 90) (the "Second Rule 60(b) Motion").

10. Plaintiff's Motion for Judge to Open Case and Motion to Join Cases ("Motion to Reopen") (Doc. # 94).

The gist of Garcia's argument across all of these motions was that he was out of town when the Order to Show Cause was issued, and that he therefore had no opportunity to respond to the Order.[1] Therefore, he argued, the Court should reinstate his case.

The Court referred the first nine motions to Judge Mix. Judge Mix denied the First and Second Motions for Status (Docs. ## 84, 86) and recommends denying the remaining motions (Docs. ## 79, 80, 81, 82, 88, 89, 90). Garcia now objects to Judge Mix's recommendation. (Doc. # 93).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 636(a)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge submits a recommendation, the Court must "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." F.R.C.P. 72(b)(3). To invoke de novo review, however, "a party's

---

[1] Garcia's motions defy easy summary: Garcia is proceeding pro se, and his handwritten arguments are often difficult to understand. However, the Court has reviewed each of his filings in detail and has construed them liberally in an effort to avoid any unfair prejudice to Garcia. This brief summary of Garcia's arguments is intended only to frame the key issue that this Court must resolve; it should not be construed as overlooking the other arguments asserted in Garcia's many motions. The Court has carefully considered each of these arguments.

objections to the magistrate judge's report and recommendation must be both timely and specific." *U.S. v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also Lockert v. Faulkner*, 843 F. 2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review."). In the absence of a proper objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

### III. ANALYSIS

Garcia is proceeding *pro se.* Therefore, the Court has construed his pleadings and other filings liberally, holding them to a less stringent standard than it would apply pleadings drafted by lawyers. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th Cir.2007); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Even when his motions and other documents are construed extremely liberally, however, Garcia has failed to state a valid basis for overturning Judge Mix's orders or rejecting Judge Mix's recommendations.

### A. RULE 60(b) MOTIONS (DOCS. ## 79, 90)

Judge Mix first recommends denial of Garcia's Rule 60(b) Motions (Docs. ## 70, 90) on the ground that Garcia has failed to demonstrate any basis for relief from judgment under Rule 60. Garcia objects, arguing that he "was not given any notice by

4

defendants, tribunal or clerk of courts" before the dismissal order was entered. (Doc. # 93, p. 4). The Court agrees with Judge Mix.

Rule 60(b) states that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" based on "mistake, inadvertence, surprise, or excusable neglect[,]'" "fraud, . . . misrepresentation, or misconduct by an opposing party[,]" "or any other reason that justifies relief." Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Rule 60 relief is generally available only "when circumstances are so 'unusual or compelling' that extraordinary relief is warranted or when it 'offends justice' to deny such relief." *Johnson v. Ward*, No. 20-cv-00447-PAB-MEH, 2021 WL 2222713, at *1.

Garcia's Rule 60(b) motions fail to demonstrate excusable neglect, misconduct by the opposing party, or other "unusual or compelling" circumstances that would justify Rule 60 relief. Although Garcia claims that he was out of town when the show-cause order was issued, Garcia never notified the Court of his travel plans. Further, Garcia' fails to provide any details as to when he left town, when he returned, or why he failed to have his mail either checked or forwarded during his absence. The show-cause order was issued in November 2020, but Garcia waited until April 2021 – more than five months later – to file a response. During that five-month period, Garcia entirely ceased litigating this case. Garcia offers no explanation why he believed it to be acceptable to take a five-month hiatus from this lawsuit without providing any advance notice to the Court of his planned absence.

Furthermore, when Garcia did finally file something – the Rule 60(b) Motion filed in late April – he failed to do what the show-cause order instructed him to do: explain why he has failed to diligently prosecute this lawsuit. (*See* Doc. # 79). Rather, Garcia's Motion attempted to blame Defendants for his failure to respond to the show-cause order. But Garcia cites no legal authority to suggest that it was Defendants' obligation to ensure he responded to the show-cause order, and to date, Garcia has still failed to provide any acceptable justification for his failure to diligently prosecute this case. Therefore, the Court agrees with Judge Mix's conclusion that Garcia has failed to demonstrate a basis for relief from judgment under Rule 60.

**B.     REMAINING MOTIONS**

Garcia's Objection does not even mention, let alone state a valid objection to, Judge Mix's remaining orders and recommendations. Although the Court construes pro se pleadings liberally, it cannot act as a pro-se litigant's advocate, and it may not "supply additional factual allegations . . . or construct a legal theory on a plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173– 74 (10th Cir.1997). Pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Even under an extremely generous reading, nothing in Garcia's Objection can be fairly read as stating a valid object to Judge Mix's rulings with respect to the First and Second Motions for Status (Docs. ## 84, 86) or her recommendations with respect to the Application to Proceed (Doc. # 80), the Motion for Appointment of Counsel (Doc. # 81), the Motion to Proceed (Doc. # 82), or the Motions for Judgment (Docs. # 88, 89).

In the absence of a proper objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers*, 927 F.2d at 1167. Applying this standard, the Court finds no basis to reject Judge Mix's Recommendation. The Court has reviewed Judge Mix's orders and recommendations with respect to these motions, and it finds that they are sound and that there is no clear error on the face of the record. Therefore, Judge Mix's Recommendation is affirmed and adopted with respect to these motions. (Docs. ## 80, 81, 82, 84, 86, 88, 89).

C. **MOTION FOR JUDGE TO OPEN CASE AND MOTION TO JOIN CASES (DOC. # 94)**

Finally, Garcia asks that this case be reopened and consolidated with another lawsuit he filed in 2021. (Doc. # 94). This Motion is denied. This case has been closed since December 2020. (Doc. # 74). As discussed above, Garcia has failed to demonstrate any valid basis for reopening the case. Therefore, the case cannot be reopened or consolidated with any other case, and the Motion must be denied as moot.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that the Order and Recommendation of United States Magistrate Judge Kristen L. Mix (Doc. # 92) is AFFIRMED and ADOPTED as an Order of this Court. It is

FURTHER ORDERED that Plaintiff's post-dismissal motions and requests for relief (Docs. ## 79, 80, 81, 82, 84, 86, 88, 89, 90) are DENIED for the reasons stated above and in Judge Mix's Recommendation. It is

FURTHER ORDERED that Plaintiff's Motion for Judge to Open Case and Motion to Join Cases (Doc. # 94) is DENIED AS MOOT.

DATED:  November 17, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge